## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ROY PRUITT,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:22-CV-00151-DC** |
| | § | |
| **FAB TECH DOWNHOLE, LLC,** | § | |
| **and SHANNON D. COAN,** | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Before the Court is Roy Pruitt's unopposed summary judgment motion, filed July 20, 2023.[1] Many months have passed without a response from Fab Tech Downhole, LLC, and Shannon D. Coan. Usually, such a failure would permit the Court to grant the motion as unopposed under Local Rule CV-7. This is not one of those cases. The Fifth Circuit does not approve automatic grants of dispositive motions when the nonmovant fails to respond.[2] So after reviewing the motion, competent summary judgment evidence, the record, and applicable law, the Court **GRANTS** Pruitt's Motion for Summary Judgment in part, and **CONDITIONALLY DENIES** Pruitt's motion in part.

---

[1] ECF No. 22.

[2] *John v. State of La.*, 757 F.2d 709 (5th Cir. 1985) ("[I]t is clear that, although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. In the light of Rule 56's clear command that a party need not respond to a motion for summary judgment unless the moving party discharges its initial burden, the reasoning of these cases applies with even greater force to the automatic grant of motions for summary judgment. We hold, therefore, that the summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment.").

BACKGROUND

Pruitt sued Defendants for unpaid wages and overtime in violation of the Fair Labor Standards Act and in breach of contract.[3] He alleges that Defendants mischaracterized him as a contractor when they hired him to work as a welder in the oilfield services industry. Rather, he argues, they jointly employed him and agreed to pay him $45 per hour worked and invoiced—which they failed to do completely. In total, Pruitt seeks payment for a combined 744.11 hours of unpaid regular and overtime hours.[4] He also seeks liquidated damages under the FLSA and attorney fees.

Defendants seem to have checked out long before Pruitt filed for summary judgment. True, Defendants timely answered Pruitt's complaint.[5] But when Pruitt served discovery requests on Fab Tech[6] in February of this year, Fab Tech failed to respond. The parties then agreed to meet and confer at Pruitt's request, but Defendants' counsel cancelled at the last minute. Three times the parties agreed to meet and confer. Three times Defendants cancelled.[7]

Pruitt then moved to compel discovery responses,[8] which the Court granted after Fab Tech failed to respond.[9] Through that order, the Court deemed as admitted Pruitt's requests for admission and held that Fab Tech had waived all objections to Pruitt's interrogatories

---

[3] ECF No. 1.

[4] Pruitt refigured these hours in his motion for summary judgment as a result of further analysis, despite Defendants' failure to respond to requests for admissions of a higher amount. That the figures were deemed admitted as a result of Defendants' failure will be discussed lower.

[5] ECF No. 4.

[6] He did not also serve discovery on Coan.

[7] ECF No. 14 at 2.

[8] ECF No. 14.

[9] ECF No. 19.

and requests for production. But the Court also allowed Fab Tech ten days to respond to Pruitt's first set of discovery.

That day came and went without response or production from Fab Tech.[10] Likewise, Fab Tech has not moved to withdraw or amend the deemed admissions under Rule 36(b) of the Federal Rules of Civil Procedure. Looking at the record, it seems that rather than respond or produce discovery, the parties filed jointly to stay the case pending a June 19, 2023 mediation.[11] The Court granted the stay[12] only to lift it later when the parties failed to reach settlement.[13]

Pruitt then moved for summary judgment on July 20, 2023. It should come as no surprise that Defendants again filed no response at all to Pruitt's motion, nor did they seek an extension of time to do so. Pruitt, in his motion, contends that his claims against Defendants succeed because "Defendants have no basis upon which they can oppose or contradict Plaintiff's claims, which are conclusively established by both the deemed admissions and Pruitt's [declaration attached to the motion for summary judgment.]"[14] This Court largely agrees, for the reasons discussed below.

### LEGAL STANDARD

Summary judgment will be rendered when the pleadings, admissions on file together with affidavits, and other competent summary judgment evidence, show there is no genuine

---

[10] *See* ECF No. 22 ("Defendants failed to comply with the Court's Order, and the 10-day deadline set by the Court came and went with no communication from Defendants, much less information and material responsive to Pruitt's First Set of Discovery.").
[11] ECF No. 9.
[12] ECF No. 16.
[13] ECF No. 17.
[14] ECF No. 22 at 2.

issue of material fact and that the moving party is entitled to judgment as a matter of law.[15] Disputes as to material facts are 'genuine' if the evidence is such that a reasonable jury could return the verdict for the nonmoving party.[16] At summary judgment, a court must view all inferences drawn from the factual record in the light most favorable of the nonmoving party.[17]

After an initial showing by the movant that no evidence supports the nonmovant's case, the nonmoving party must come forward with competent summary judgment evidence of a genuine fact issue.[18] Defendants failed to respond to Pruitt's motion for summary judgment. Though failure to respond does not permit a court to enter a 'default' summary judgment,[19] it does permit a court to accept the movant's evidence as undisputed.[20] "A summary judgment nonmovant who does not respond to the motion is relegated to [their] unsworn pleadings, which do not constitute summary judgment evidence."[21] Defendants therefore presented no summary judgment evidence to dispute Pruitt's version of the facts.

## DISCUSSION

### I.   Breach of Contract

Breach of contract under Texas law has four elements: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of contract by

---

[15] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[18] *Id.* at 586.

[19] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

[20] *Id.*

[21] *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir.1991); *Heaven v. Chase Home Fin. LLC*, No. 3:08-CV-1872-L, 2009 WL 3163546, at *2 (N.D. Tex. Sept. 30, 2009) (citing same).

the defendant, and (4) damages sustained by the plaintiff because of the breach.[22] To prove the existence of a valid contract, the plaintiff must show: "(1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding."[23] "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."[24] The Court determines as a matter of law what the contract requires of the parties.[25]

Pruitt claims that Fab Tech admitted to his prima facie case. Not so. Pruitt is significantly aided by Fab Tech's deemed admissions, but their admissions do not carry Pruitt's burden completely. Indeed, Fab Tech admitted to the latter three elements of breach by failing to respond to Pruitt's requests for admission directed at those elements.[26] But the same cannot be said as to the first element—*i.e.*, whether a valid contract exists. Pruitt neglected to pose that request to Fab Tech. This is Pruitt's first error. True, he came remarkably close when he requested Fab Tech admit that "under the terms of . . . Your Contractor Agreement with Plaintiff, You agreed to pay Plaintiff forty-five dollars ($45.00)

---

[22] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 415 (5th Cir. 2021).

[23] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n. 21 (Tex. 2018).

[24] *Case Corp. v. Hi–Class Bus. Sys.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied).

[25] *See Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

[26] ECF No. 14-2 at 17–18.

per hour for every hour he invoiced."[27] But, at best, this request caused Fab Tech to admit only to the relevant terms of a contract and that the parties agreed to those terms. In other words, this admission captures up to the first four elements showing an existence of a valid contract—offer, acceptance, mutual assent, and consent.[28] Silly as it may seem, but, without inference from the Court, it cannot be said that Fab Tech's deemed admissions show they ultimately signed the agreement. This, despite performance under that contract.[29]

A brief search of the record reveals no other admissions that aid Pruitt. When Pruitt argued in his complaint that he "entered into a valid and enforceable written contract with the Defendants,"[30] Defendants denied it in their answer.[31] The only other relevant admission to be gleaned from Defendant's answer is that they, of course, admitted that Pruitt was an independent contractor.[32] Pruitt's case was therefore not made for him on admission alone.

Turning now to Pruitt's motion, Pruitt cites the elements for breach of contract but provides only cursory analysis. Pruitt clearly assumes that Fab Tech's many deemed admissions satisfy breach of contract's first element and focuses his brief analysis on the latter three elements only: performance, breach, and damages. This is Pruitt's second error. Normally, Pruitt would be up a creek. But given that Defendants failed to respond to this motion, the Court may consider the facts that Pruitt alleges as undisputed. So, did Pruitt's

---

[27] ECF No. 14-2 at 17 ("Admit that under the terms . . . Your Contract Agreement with Plaintiff, [Defendants] agreed to pay Plaintiff fort-five dollars ($45.00) per hour for every hour he invoiced.").

[28] In this scenario, it follows that an admission of mutual assent and consent would require an admission of the preceding elements.

[29] And Pruitt does not allege an implied-in-fact contract exists.

[30] ECF No. 1.

[31] ECF No. 4 at 6.

[32] *Id.* at 3.

version of the facts show that both parties executed the contract? No. But yet again he comes so close. Pruitt states in his sworn declaration that "[w]hen [he] was hired, [he] signed a Contractor Agreement . . ."[33] Yet he never states that Defendants also executed the contract. Call this error number three. Had he alleged both parties signed the contract, his case would have been made the moment Defendants' response deadline passed.

Of course, he could have submitted a contract for the Court to review. But the record reveals he did not—because he did not have one to produce. Indeed, Pruitt states in his attached declaration that he "do[es] not have a copy of that contract, and it is [his] understanding that Defendants have refused to provide any information or material in the lawsuit."[34] Were the contract in hand, a quick glance might show that both parties executed and delivered the contract with the intent that it be mutual and binding.

Pruitt's failures do not warrant denial of summary judgment here. Fab Tech failed to respond to Pruitt's discovery requests, then committed to and backed out of three opportunities to meet and confer regarding their refusal, were sanctioned for their failures, and remain absent from the case by failing to respond to this motion. Pruitt's motion does not fail just because Fab Tech chose not to play the game. "For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure."[35]

Indeed, Fab Tech's behavior warrants sanctions. Rule 16(f) of the Federal Rules of Civil Procedure provides that a court may, sua sponte, issue sanctions, including those

---

[33] ECF No. 22-1 at 1.
[34] ECF No. 22-1 at 2.
[35] *In re Carney*, 258 F.3d 415, 422 (5th Cir. 2001).

authorized under Rule 37(b)(2)(A)(ii)–(vii), if a party disregards a pretrial order.[36] Rule

37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to
> provide or permit discovery, including an order under Rules 26(f), 35, or 37(a), the
> court where the action is pending may issue further just orders. They may include the
> following: (i) directing that the matters embraced in the order or other designated
> facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims
> or defenses, or from introducing designated matters in evidence; (iii) striking
> pleadings in whole or in part; (iv) staying further proceedings until the order is
> obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a
> default judgment against the disobedient party; or (vii) treating as contempt of court
> the failure to obey any order except an order to submit to a physical or mental
> examination.[37]

Courts have "broad discretion under Rule 37(b) to fashion remedies suited to the

misconduct."[38] A "finding of bad faith or willful misconduct [is required] to support the

severest remedies under Rule 37(b)—striking pleadings or dismissal of a case."[39] Such a

drastic measure must be employed only "where a lesser sanction would not substantially

---

[36] *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just
orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: . . .
(C) fails to obey a scheduling or other pretrial order.").

[37] FED. R. CIV. P. 37(b)(2)(A).

[38] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation
omitted).

[39] *Id.* (citation omitted).

achieve the desired deterrent effect."[40] "Lesser sanctions do not require a finding of willfulness."[41]

Because Fab Tech is defending this action, it makes little sense to strike the pleadings or dismiss the action. And, given Fab Tech's near total lack of interest in this matter, it makes even less sense to issue a stay while Pruitt and the Court wait for them to obey a discovery order issued four months ago. Far less when the Court recalls that Pruitt served his discovery requests on February 20th of this year—more than seven and a half months ago. Indeed, it seems very likely that Fab Tech's behavior warrants a Rule 37(b) default judgment sanction against it. As discussed above, Fab Tech has in bad faith (1) refused to comply with their discovery obligations upon request and by order, (2) committed to but failed to appear three times to meet and confer, and (3), other than file an answer summarily denying Pruitt's complaint and sign a joint motion to stay the case pending mediation, have refused to participate here. And Fab Tech has not revealed that an intervening event would prevent a finding of willfulness. Yet a lesser sanction exists, though with similar results.

Recall that, to be entitled to judgment as a matter of law, Pruitt lacks only the evidence of a counter signature from Fab Tech. This small but necessary component is easily demonstrated by production of the very contract that Defendants have admitted exists, admitted to the relevant terms, admitted to breaching, and yet refuse to produce.

---

[40] *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (citations omitted). The Court also notes that courts seem to be moving away from the *Shipco* factors traditionally associated with Rule 55(c) default judgments, possibly reflecting that default judgment under Rule 37(b) is its own flavor of default judgment. *See, e.g., id.* ("where a district court awards default judgment as a discovery sanction, two criteria must be met," referring next to the willfulness of the violation and the lack of lesser sanctions available that would not substantially achieve the desired deterrent effect.)
[41] *Smith*, 685 F.3d 488 (citation omitted).

Accordingly, the Court finds that facts demonstrating the remaining prima facie element of Pruitt's breach of contract claim are established for this matter.[42] The Court holds that Fab Tech breached its contract with Pruitt to pay him $45 per hour for every hour he worked.

Pruitt is therefore entitled to $4,009.95 ($45 per hour multiplied by 89.11 unpaid regular hours).

## II.    Overtime under the FLSA

The next question is whether Pruitt is entitled to judgment as a matter of law on his claim that Defendants violated the FLSA by failing to pay him overtime. An employee seeking to recover for unpaid overtime compensation must show by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed, (2) that the employee engaged in activities within the coverage of the FLSA, (3) that the employer violated the FLSA's overtime wage requirements, and (4) the amount of overtime compensation due.[43] The FLSA requires that "overtime must be compensated at a rate of not less than one and one-half times the regular rate."[44]

Between Fab Tech's deemed admissions, Pruitt's motion, and his attached declaration, Pruitt is entitled to judgment. Fab Tech admits—and neither Fab Tech nor Coan dispute—that Defendants employed Pruitt during the relevant period, that Pruitt worked more than forty hours in at least one workweek, and that Defendants did not pay Pruitt overtime for those hours as required by 29 U.S.C. § 207(a).[45] Pruitt supplemented

---

[42] *See Chilcutt v. United States*, 4 F.3d 1313, 1319 (5th Cir.1993).
[43] *Hobbs v. Petroplex Pipe & Constr., Inc.*, 360 F. Supp. 3d 571, 578 (W.D. Tex. 2019), aff'd, 946 F.3d 824 (5th Cir. 2020).
[44] 29 C.F.R. § 778.107.
[45] ECF No. 14-2 at 17.

those admissions by declaration in which he calculated his total unpaid overtime hours and attached supporting invoices.[46]

The Court therefore holds that Pruitt is entitled to unpaid overtime in the amount of $44,212.50 (655 overtime hours multiplied by the $67.50 overtime amount).

## III.   Liquidated damages and attorney fees

Pruitt also seeks liquidated damages for the unpaid overtime. Under 29 U.S.C. § 260 of the FLSA, a plaintiff is entitled to liquidated damages equal to the amount of unpaid wages for willful violations of the FLSA. "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith."[47] Defendants fail their burden by choosing not to respond to Pruitt's motion.

The Court therefore holds that Pruitt is entitled to liquidated damages of $44,212.50.

As to attorney fees, Pruitt will need to file a separate motion showing fees incurred, including supporting evidence of—and analysis under—the *Johnson* factors so the Court may conduct lodestar analysis.

## IV.   Joint employment

One final issue remains: Are Defendants joint employers? If they are, Defendants would be jointly and severally liable.[48] The answer should be simple. Neither Defendant

---

[46] ECF No. 22-1 at 2–3.

[47] *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

[48] That is, if 29 C.F.R. § 791.2(a) were still valid law, as discussed momentarily. "[T]he joint employment doctrine . . . holds joint employers jointly and severally liable for any violations of the FLSA." 29 C.F.R. § 791.2(a).

disputes that they employed Pruitt, as discussed above. But the *joint-employer* doctrine—a product of the FLSA[49]—has been stripped from the Code of Federal Regulations. Indeed, the Department of Labor rescinded Section 791 of Title 29, effective October 2021, to "consider legal and policy issues relating to FLSA joint employment before determining whether alternative regulatory or subregulatory guidance is appropriate."[50] Pruitt should have been aware of the Department's actions when he filed his complaint in June 2022, well after the effective date. Yet his motion fails to address whether § 791's rescission impacts his case, if at all. He likewise makes no argument for an alternative means by which to find joint employment or joint and several liability here. As a result, Pruitt fails to show that Defendants are jointly and severally liable under the joint employment doctrine.

The Court therefore **CONDITIONALLY DENIES** Pruitt's summary judgment motion as to joint employment but **GRANTS** him ten days from the entry of this order to file supplemental briefing analyzing Defendants' joint employment status only. Once Pruitt timely files supplemental briefing on joint employment Defendants have seven days to respond—should they elect to do so.

CONCLUSION

It is therefore **ORDERED** that Pruitt's summary judgment motion is **GRANTED** as to his breach of contract claim and his claims for unpaid overtime and liquidated damages under the FLSA. Accordingly, Pruitt shall be awarded $4,009.95 for his breach of contract

---

[49] 29 C.F.R. § 791.2(a).
[50] *See* Rescission of Joint Employer Status Under the Fair Labor Standards Act Rule, 86 FR 40939-01; *see also Contreras v. MYGO2 LLC,* No. 2:21-CV-433-SPC-MRM, 2022 WL 1223975, at *3 (M.D. Fla. Feb. 22, 2022) (identifying the same).

claim, $44,212.50 for his unpaid overtime claim, and $44,212,50 in the form of liquidated damages.

The Court also **CONDITIONALLY DENIES** Pruitt's joint employment claim, but **GRANTS** Pruitt leave to file supplemental briefing as discussed above. If Pruitt fails to provide supplemental briefing on or before his deadline, the Court will enter an order dismissing Pruitt's joint employment claim with prejudice.

It is so **ORDERED**.

SIGNED this 12th day of October, 2023.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE