**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **ROY PRUITT,** | § | **C.A. No. MO:22-CV-00151-DC-RCG** |
| | § | |
| *Plaintiff,* | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **FAB TECH DOWNHOLE, LLC** and | § | |
| **SHANNON D. COAN** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Roy Pruitt files his Motion for Attorneys' Fees and Costs ("Motion") as authorized by Federal Rule of Civil Procedure 54(d)(2)(B), and will respectfully show that he is entitled to recover his lodestar of $85,252.50, in addition to his incurred costs and expenses of $3,191.52.

## I.   INTRODUCTION

Plaintiff Roy Pruitt sued Defendants Fab Tech Downhole, LLC and Shannon D. Coan for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), alleging they jointly misclassified him as an independent contractor and failed to pay him the overtime compensation they owed him. After the close of discovery, Plaintiff filed his dispositive motion against Defendants. *See* ECF No. 22. Defendants failed to file a response. On October 12, 2023, this Court granted Plaintiff's motion, in part, and conditionally denied it, in part, while requesting additional briefing. *See* ECF No. 26. Plaintiff accordingly filed his supplemental brief on October 19, 2023, and Defendants filed a response. *See* ECF Nos. 27–28, respectively. On January 5, 2024, this Court entered an order GRANTING Plaintiff's motion for summary judgment, finding him entitled to judgment as a matter

of law. *See* ECF No. 40. Final Judgment issued for Plaintiff, entitling him to $92,434.95 in damages against Defendants, jointly and severally. *See* ECF No. 41.

Plaintiff's counsel now seeks reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and governing law.

## II.    ARGUMENT & AUTHORITIES

### A.    PLAINTIFF IS ENTITLED TO RECOVER HIS REASONABLE ATTORNEYS' FEES

"Reasonable attorney's fees are mandatory" when a court finds that an employer has violated the FLSA. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) (quoting *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979) and 29 U.S.C. § 216(b)). "There is a strong presumption that the lodestar figure represents reasonable attorney fees." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2019 WL 13079781, at *1 (W.D. Tex. May 23, 2019) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 553–54 (2010). The lodestar figure is reached after multiplying the "number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* (citing *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003)). Plaintiff, as the party seeking to recover attorneys' fees, bears the burden to establish "the number of hours expended through the presentation of adequately recorded time records as evidence." *Id.* (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Any time that is "excessive, duplicative, unnecessary, or inadequately documented" will be excluded by the Court. *See id.*

Once the lodestar is determined, courts can "(1) accept the lodestar figure; or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the Johnson factors." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

> The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed

by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.

*Id.* However, the lodestar is presumed to be reasonable and should *only* be modified in exceptional cases. *Id.*

## B.   THE LODESTAR

To determine the recoverable fees, the first step is to calculate a lodestar amount by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate, which is the market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984); *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11.

### 1.      Number of Hours Expended

Here, Plaintiff's Counsel spent over 169 hours of attorney time during the pendency of the litigation. Though recoverable, Plaintiff has not submitted any paralegal time. The decision not to submit paralegal time was made in the exercise of billing judgment by Plaintiff's counsel. Accordingly, Plaintiff respectfully requests fees of $85,232.50 for the valuable work his counsel performed in obtaining 100% of Plaintiff's available damages.

The time expended was reasonable and necessary and does not include time billed on matters for which Plaintiff was not successful. *See* Declaration of Carter Hastings, attached as Exhibit 1. To aid this Court in its determination, Plaintiff has submitted the detailed billing records detailing the time spent on this matter. *See* Exhibit A to Exhibit 1.

2.      **Reasonableness of Billing Rates**

Plaintiff's Counsel specialize in wage and hour law. *See* Exhibit 1. As such, Plaintiff's Counsel litigates individual, collective, and mass actions across the United States. *See id.* Their rates range from $650.00 an hour to $450.00 an hour, are reasonable, have been previously approved by district courts in this District, and are well within the range of rates regularly approved in the Western District of Texas. *See id.* (detailing the background and experience of the attorneys who have provided services in this matter); *Navarro v. Marriott Int'l, Inc.*, No. SA-20-cv-00766-OLG, ECF Nos. 44 and 37 (W.D. Tex. Jan. 11, 2023) (approving requested fees at the same rates as requested herein) (attached together as Exhibit 2). *See also* Texas Yearbook for Attorneys' Fees and Hourly Rates by the Texas Employment Lawyers Association (2022 ed.) ("2022 Yearbook"), attached as Exhibit 3.[1]

In analyzing whether the requested rates are reasonable, district courts look to the relevant community for comparators. The Fifth Circuit has long recognized that the relevant community for fees is determined district-wide—not by city or division. *See Lewallen v. City of Beaumont*, 394 F. App'x 38, 46, and n.26 (5th Cir. 2010) (approving the "relevant legal community as the Eastern District of Texas, rather than just the City of Beaumont"). Other courts have also blessed a judicial district as the relevant market. *See, e.g., Jimenez v. Wood County, Texas*, 2009 WL 2744611 at *3 (E.D. Tex. Aug.25, 2009); *McClain v. Lufkin Indus., Inc.*, 2009 WL 921436 at *6 (E.D. Tex. Apr.2, 2009); *see also League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1234 n. 5 (5th

---

[1] This information contained in the 2022 Yearbook "is drawn from court rulings, jury verdicts, arbitrations, and actual rates billed. Unlike summaries of anonymous surveys, it names the lawyers and cites sources. To compare quantity of experience, it is grouped by ten-year classes—like a yearbook groups classes from seniors to freshmen. It is organized by geographic regions corresponding with the four federal districts in Texas. It accounts for inflation to the end of 2021 via the U.S. Bureau of Labor Statistics' data for legal services. The information is limited to employment law work in Texas. *See* 2022 Yearbook, Part 1, p. 4. The section specifically addressing rates in the Western District of Texas begins on Page 60 of Part 2. Citations to page number refer to the page number allocated by the electronic filing system.

Cir.1997) (Although the court did not rely on the affidavits used by LULAC in this case to define the relevant market as the federal district, it did not disclaim the affidavits.); *Treadway v. Otero*, No. 2:19-CV-244, ECF No. 157 at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision.").

The reasonableness of Plaintiff's Counsel's rate is not in question as Judge Orlando L. Garcia of the San Antonio Division of the Western District of Texas has previously approved Plaintiff's Counsel's requested rates after finding them to be reasonable. *See* Exhibit 2. Plaintiff's Counsel has also submitted the 2022 Yearbook that provides an overview of rates that have been approved across Texas, divided by district. Looking at the Western District of Texas specifically, rates have been approved ranging from $927.00 on the high end, to $260.00, on the low end.[2] *See* 2022 Yearbook, Part 2, pg.61. Because Plaintiff's Counsel's requested rates are will within the range of reasonable rates for the Western District of Texas, they should be approved in this case. *See Blum*, 465 U.S. at 896 n. 11.

As such, the applicable lodestar in this matter is $85,232.50.

## C.      The *Johnson* Factors Support Awarding Plaintiff's Requested Lodestar

Next, the Court turns to the *Johnson* factors to decide whether a departure from the lodestar figure is warranted in this case.[3] *Hobbs,* 2019 WL 13079781, at *7. Plaintiff maintains that no upward, or downward, departure is necessary.

---

[2] Some district courts have relied on the State Bar of Texas 2015 Hourly Fact Sheet ("2015 Fact Sheet"). Plaintiff notes that the 2015 Fact Sheet is now almost a decade out of date and has failed to account for increased rates or inflationary changes. The 2022 Yearbook, however, provides an updated review of the rates regularly charged and approved by employment law practitioners in the State of Texas, and is adjusted for inflation. Importantly, all of the rates reported in the 2022 Yearbook are verified—and verifiable. *See* 2022 Yearbook, Part 1, pg. 4.

[3] As Plaintiff already addressed *Johnson* factors 1, 5, and 12 in establishing the lodestar, this section will not burden the court with the unnecessary duplication of that analysis.

1.      **The Novelty and Difficulty of the Legal Issues and the Desirability of the Case.**

The legal issues involved in this case were complex as they involved claims that Defendants, jointly and severally, misclassified Plaintiff as an independent contractor exempt from the protections of the FLSA.  Not only did Plaintiff have to establish that he was misclassified through the application of the economic realities test, he also had to establish that Defendants were together joint employers. These claims are inherently fact intensive and difficult to establish as a matter of law. That difficulty was compounded by Plaintiff's realization that Defendant Fab Tech Downhole, LLC ceased operations after Plaintiff filed this lawsuit and Defendant Coan began operating under a different entity. As such, this factor supports the requested fee award.

2.      **The Skill Required to Perform the Legal Service Properly and the Experience, Reputation, and Ability of Plaintiff's Counsel.**

In cases involving complex legal issues, like this one, experienced counsel have the requisite skill and knowledge to successfully raise and litigate each issue necessary to obtain a successful judgment. Plaintiff's Counsel are experienced wage and hour litigators and specialize in helping employees recover their unpaid wages in courts across the United States. Founded in 2016, Anderson Alexander, PLLC has represented hundreds of thousands of employees in individual actions and collective and class actions and is well versed in maximizing employee rights. *See* Exhibit 1. This factor supports the requested fee award.

3.      **The Preclusion of Other Employment by the Attorney as a Result of Taking the Case.**

Anderson Alexander, PLLC is a small firm with its principal office in Corpus Christi, Texas. *See* Exhibit 1. The attorneys at Anderson Alexander, PLLC are unable to represent all of the employees who contact them seeking assistance and must reject viable cases. *See id.* ¶ 16. In choosing to represent Plaintiff, Anderson Alexander, PLLC was unable to accept other promising cases. *Id.* This factor, too, supports the requested fee award.

4.      **Whether the Fee Is Fixed or Contingent.**

The attorney-client contract between Anderson Alexander, PLLC and Plaintiff Pruitt, provided for representation on a contingent fee basis. *Id.* at ¶ 17. Anderson Alexander, PLLC agreed to cover all case expenses and litigation costs without any guarantee of repayment. The contingent nature of the agreement between Plaintiff and his counsel supports the requested fee award.

5.      **Time Limitations Imposed by the Client or Other Circumstances.**

Beyond the time constraints imposed by the FLSA, there were no other limitations imposed by the client or other circumstances. As such, this factor is neutral.

6.      **The Monetary Amount Involved and the Results Obtained.**

The "most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 574 (1992). Here, Plaintiff has obtained a judgment for 100% of his damages. This exceptional result supports the requested fee award.

7.      **The Nature and Duration of the Professional Relationship with the Client.**

Plaintiff's Counsel's representation of Plaintiff Pruitt is limited to assisting him recover his unpaid wages against Defendants. As such, this factor is neutral.

Taken together, the *Johnson* factors support Plaintiff's requested fee award.

**D.      PLAINTIFF IS ENTITLED TO RECOVER HIS COSTS AND EXPENSES**

Plaintiff's Counsel also seeks reimbursement for the $3,191.52 of costs and expenses incurred during the pendency of this litigation. *See* Exhibit 1, ¶ 15. These costs and expenses were reasonable, necessary, and are typically charged by Anderson Alexander, PLLC to its fee-paying clients. *See id.* Under the FLSA, district courts "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This Court has previously found that a prevailing plaintiff under the FLSA may recover their "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Hobbs*, 2019 WL

13079781, at *9 (citing *Mata v. Caring for You Home Health, Inc.*, No. 7:13-CV-287, 2015 WL 12780641, at *3 (S.D. Tex. May 12, 2015) (allowing the recovery of "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client"); *Sales v. Bailey*, No. 2:12-CV-00056-SA-SAA, 2015 WL 1825060, at *6 (N.D. Miss. Apr. 22, 2015) (awarding reasonable out-of-pocket expenses under the FLSA). r (Doc. 120-1 at 12).

## III.    CONCLUSION

Plaintiff has established that he reasonably and necessarily incurred $85,252.50 in fees and $3,191.52 in costs and expenses, and respectfully requests this Court enter an order finding him entitled to recover a total of $88,444.02.

Date:   January 19, 2024                  Respectfully submitted,

                                                          **ANDERSON ALEXANDER, PLLC**

                                          By:   */s/ Clif Alexander*
                                                          **Clif Alexander**
                                                          State Bar No. 24064805
                                                          clif@a2xlaw.com
                                                          **Austin W. Anderson**
                                                          State Bar No. 24045189
                                                          austin@a2xlaw.com
                                                          **Lauren E. Braddy**
                                                          State Bar No. 24071993
                                                          lauren@a2xlaw.com
                                                          **Carter T. Hastings**
                                                          Texas Bar No. 24101879
                                                          carter@a2xlaw.com
                                                          101 N. Shoreline Blvd., Suite 610
                                                          Corpus Christi, Texas 78401
                                                          Telephone: (361) 452-1279
                                                          Facsimile: (361) 452-1284

                                                          *Attorneys in Charge for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Clif Alexander*
Clif Alexander