## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ROY PRUITT,** | § | |
| *Plaintiff,* | § | |
| | § | **MO:22-CV-00151-DC** |
| **v.** | § | |
| | § | |
| **FAB TECH DOWNHOLE, LLC,** | § | |
| **and SHANNON D. COAN,** | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Before the Court is Plaintiff Roy Pruitt's motion for attorney fees and out of pocket expenses[1] as well as his supplemental accounting of additional fees.[2] In a single responsive brief, Fab Tech Downhole, LLC and Shannon D. Coan responded ninety-eight days late to the original motion and seven days late as to the supplemental accounting—aiming most of its argument at the earlier motion.[3] Fab Tech and Coan also failed to seek leave or acknowledge the untimeliness of their response. The Court therefore considers the motion unopposed.[4]

After review of Pruitt's briefing and relevant law, the Court **GRANTS IN PART AND DENIES IN PART** the motion and supplemental accounting.[5]

---

[1] ECF No. 42.

[2] ECF No. 51.

[3] *See* ECF No. 52.

[4] *In re Marine*, No. CV 20-214-JWD-SDJ, 2023 WL 1823766, at *1 (M.D. La. Feb. 8, 2023) (citing *Evans v. Auto Club Fam. Ins. Co.*, 2010 WL 55915, at *1 & n.1 (E.D. La. Jan. 4, 2010) (motion for attorney fees deemed unopposed where "plaintiff's [opposition] was not timely" filed and "he did not request leave of court for the . . . untimely [filing]").

[5] ECF Nos. 42, 51.

## BACKGROUND

Pruitt sued Fab Tech Downhole, LLC and Shannon D. Coan for violations of the Fair Labor Standards Act alleging that they together misclassified him as an independent contractor and failed to pay him the overtime compensation owed to him. When Fab Tech and Coan failed to respond to Pruitt's motion for summary judgment, this Court granted in part and conditionally denied in part, seeking supplemental briefing.[6] The parties responded and the Court entered an order granting Pruitt's summary judgment motion, finding him entitled to judgment as a matter of law.[7] That order awarded Pruitt $92,434.95 in damages from Fab Tech and Coan.[8] Pruitt now requests an award for $85,252.50 in fees and $3,191.52 in out-of-pocket expenses,[9] as well as an additional $15,175.00 in fees expended in response to Defendants' post-judgment motions.[10]

Pruitt's motions calculate the attorney fees attributable to the time expended on this matter, not to include time billed on matters for which he was not successful.[11] In total, he seeks $100,407.50 in attorney fees and $3,191.52 out-of-pocket expenses.[12] To support his claim, Pruitt attaches billing records, a verifyied affidavit by counsel, an order awarding similar fees from another court in this District, and the 2022 Texas Yearbook for Attorneys' Fees and Hourly Rates published by the Texas Employment Lawyers Association. Counsel's billing records reflect a total 196.75 hours of attorney time expended over the course of

---

[6] ECF No. 26.
[7] ECF No. 40.
[8] ECF No. 40.
[9] ECF No. 42 at 8.
[10] ECF No. 51 at 2.
[11] ECF Nos 42, 51.
[12] ECF No. 51.

litigation.[13] Pruitt's motion does not include any paralegal time—"[t]he decision not to submit paralegal time was made in exercise of billing judgment." Counsel's affidavit attests to rates ranging between $450 and hour and $650 an hour: Carter Hastings' rate is $450; Lauren Braddy's rate is $550; Clif Alexander's rate is $650; Austin Alexander's rate is $650; and Cliff Gordon's rate is $650.

### Legal Standard

Under the Fair Labor Standards Act, a court must award prevailing plaintiffs "reasonable attorney's fees to be paid by the defendant, and the costs of the action."[14] To calculate attorney fees, courts use the "lodestar" method. The lodestar method multiplies the number of hours an attorney reasonably spent on the case by an appropriate hourly rate—the market rate in the community for this work.[15] The party seeking attorney fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence.[16]

After it calculates the lodestar, the Court may either: (1) accept the lodestar figure, or (2) decrease or enhance it based on the circumstances of the case, accounting for what are known as the *Johnson* factors.[17] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

---

[13] ECF Nos. 42-1, 51-1.

[14] 29 U.S.C. 216(b).

[15] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

[16] *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

[17] *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.[18] The lodestar, however, is presumed to be reasonable and should be modified only in exceptional cases.[19]

**DISCUSSION**

Because Pruitt prevailed in this case, and given his entitlement to attorney fees under 29 U.S.C. § 216(b), the Court starts with calculating the lodestar.

## I.      Calculating the lodestar

The lodestar calculation can be divided into two steps. First, the Court must determine whether Plaintiffs' Counsel's hourly rate is reasonable when compared to the prevailing rates for attorneys of similar skill and experience in the relevant market.[20] Second, the Court will analyze whether Plaintiffs proved "the reasonableness of the hours billed" and that they "exercised billing judgment."[21]

### A.      Reasonable Hourly Rate

---

[18] *Johnson*, 488 F.2d 714, 717–19.

[19] *See Watkins*, 7 F.3d at 457.

[20] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[21] *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

Courts determine the appropriate hourly rate "according to the prevailing market rates in the relevant community."[22] The burden lies on the applicant "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[23] "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."[24] While the Fifth Circuit has held that the relevant community is "the community in which the district court sits,"[25] the courts disagree just how far to extend the radius of such a community—some believe the water's edge stops at the city limits, others at the judicial division's boundaries, others still the district at large.[26] "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested."[27] The Court may use its own expertise and judgment to determine attorney fees[28] but "may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate."[29]

---

[22] *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[23] *Id.* at 895 n.11.

[24] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)

[25] *id.* at 368

[26] *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2024 WL 1161730, at *3 (W.D. Tex. Mar. 18, 2024) (collecting cases).

[27] *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1087 (S.D. Tex. 2012) (Rosenthal, C.J.) (cleaned up) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)).

[28] *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976).

[29] *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997).

Because Pruitt's request is unopposed, analysis begins with whether the proposed rates are within the range of prevailing market rates. Pruitt supports his fee motion by an affidavit from Carter Hastings.[30] Hastings is an associate of Anderson Alexander, PLLC, and served as lead counsel in this case, billing the lion's share of hours expended by the firm. Anderson Alexander formed in 2016 and practices labor and employment law. Ninety-five percent (95%) of its practice is spent representing workers in class and collective actions under the FLSA. Hastings claims that his hourly rate is "commensurate with the amount reasonably charged by other legal practitioners of his skill and experience specializing in collective and class actions arising the [FLSA] and related state wage and hours laws in this district."[31] He avers similarly as to the rates of his colleagues Clif Alexander, Lauren Braddy, and Cliff Gordon[32]—but not Austin Alexander for which he provides no information other than that he billed a few hours at an hourly rate of $650.[33]

To further support his fee request, Hastings attaches a recent order in the Western District of Texas awarding fees at the same rates requested here and an attached affidavit from Pruitt's counsel, Clif Alexander; and the 2022 Texas Yearbook for Attorneys' Fees and Hourly Rates published by the Texas Employment Lawyers Association. These sources are of little use. The attached order involved an uncontested award for Pruitt's counsel performance as class/collective counsel that resulted in settlement of that class action. The relevant portion of the Alexander affidavit merely repeats Hastings' affidavit. And while the Court acknowledges that the Texas Yearbook is adjusted for inflation—a wonderful

---

[30] ECF No. 42-1.

[31] *Id.* at 3.

[32] *Id.*

[33] The Court therefore excises Austin Alexander's 2.2 hours billed.

improvement over the oft cited State Bar of Texas 2015 Hourly Rate Fact Sheet[34]—the range provided by the yearbook is of little use for clarifying reasonable attorney fees merely because counsel's rates fall somewhere within the $260 to $927 range stated in that publication. Because Pruitt does not support his fee request with affidavits from other attorneys in the community, the Court is therefore left with only Hastings' own statement that the hourly rates requested are reasonable.

While it may be true that the proposed rates are typical of collective or class action cases, this case is neither. And even if the Court were inclined to accept Hastings' proffered rate as reasonable at face value merely because the opposing side has not contested it,[35] the Court must instead rely on its judgment and expertise in non-class or collective action FLSA disputes. In such previous disputes, this Court found $420 to be a reasonable rate for an attorney with over twenty-five years' experience in labor and employment law, and $335 to be a reasonable rate for an attorney with between ten and fifteen years of the same experience.[36] It is clear from Hastings' affidavit that all but Gordon possess between ten- and fifteen-years' experience.[37] Gordon possesses twenty-five.[38] The Court therefore sets

---

[34] *See Hobbs v. Petroplex Pipe and Constr., Inc.*, MO:17-CV 00030-DC, 2019 WL 13079781, at *3 (W.D. Tex. May 23, 2019) (taking judicial notice of the 2015 Hourly Fact Sheet); STATE BAR OF TEXAS, 2015 HOURLY FACT SHEET, 10 (2015), https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm &ContentID=34182.

[35] *See Tollett, 285 F.3d at 369* (where a proffered rate was accepted merely because it was uncontested).

[36] *See e.g. Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2019 WL 13079781 (W.D. Tex. May 23, 2019); *and Coates v. TNT Crane & Rigging, Inc.*, MO:22-CV-18-DC (W.D. Tex. May 25, 2023) (Looking to *Hobbs* for reasonable rates and adjusting for inflation).

[37] ECF No. 42-1.

[38] *Id.*

Hastings, Braddy, and Clif Alexander's rate at $335 per hour and Gordon's rate at $420 per hour.

### B. Pruitt did not fully show the reasonableness of the hours requested

For the next step of the lodestar analysis, Pruitt must show the "reasonableness of the hours billed" and that his counsel "exercised billing judgment."[39] "Billing judgment refers to the exclusion of hours that are excessive, redundant, or unproductive."[40] If the party seeking fees does not exercise billing judgment, the remedy is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment."[41]

Pruitt seeks a total 196.75 hours the firm expended on this case, not to include hours for which he was not successful.[42] It is unclear—because he did not include figures or representations in his billing records which hours—if any were written off. The Court therefore remedies this omission not by "a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment."[43] A 20% across-the-board reduction in hours is warranted. Hastings, Braddy and Clif Alexander's combined 161.85 hours worked are reduced to 129.48 hours. Gordon's hours are reduced from 32.7 to 26.16 hours. The new total is therefore 155.6 hours.

### C. Lodestar calculation

Having determined a reasonable rate for each attorney and the reasonable hours expended on this litigation, the Court can now make its lodestar calculation by multiplying

---

[39] *Saizan*, 448 F.3d 795 at 799.
[40] *Id.*
[41] *Id.*
[42] *See* ECF No. 51-1.
[43] *Segovia*, 2024 WL 1161730, at *1 (citing *Saizan*, 448 F.3d at 799 n.7.

the hours by the determined rates. For all hours reasonably expended, the Court calculated

total fees to be ((129.48 x $335 = $43,375.8) + (26.16 x $420 = $10,987.2)) $54,363.

## II.     The Court does not believe a reduction is warranted under the *Johnson* factors.

Pruitt does not seek an enhancement under the *Johnson* factors. The Court therefore

believes it need not reduce or enhance the lodestar based on the *Johnson* factors.

## III.    This Court has previously held that reasonable out-of-pocket expenses are recoverable.

Pruitt also seek $3,191.52 in nontaxable expenses customarily charged to fee-paying

clients as allowed under the FLSA.[44] In *Hobbs*, this Court held that Plaintiffs could recover

"reasonable out-of-pocket expenses incurred by Plaintiffs' counsel which are normally

charged to fee-paying clients in the course of providing legal services."[45] Defendant failure to

timely respond renders Pruitt's request unopposed. So the Court awards Pruitt $3,191.52 in

recoverable expenses.

---

[44] *See, e.g.*, *Hobbs*, 2019 WL 13079781, at *9.
[45] *Id.*

CONCLUSION

It is therefore **ORDERED** that Pruitt's Motion for Attorney Fees and Recoverable

Expenses be **GRANTED** in part and **DENIED** in part.[46]

It is also **ORDERED** that Pruitt be awarded **$54,363** in attorney fees and **$3,191.52**

in out-of-pocket expenses.

It is so **ORDERED**.

SIGNED this 20th day of August, 2024.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[46] ECF Nos. 42, 51.